Leonard M. Shulman – Bar No. 126349
Ryan D. O'Dea – Bar No. 273478
**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:    (949) 340-3400
Facsimile:    (949) 340-3000
Email:    lshulman@shulmanbastian.com
    rodea@shulmanbastian.com

Proposed Special Litigation Counsel for
Plaintiff Richard A. Marshack, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:21-bk-11188-BB |
| **GLENROY COACHELLA, LLC,** | Chapter 7 |
| Debtor. | Adv Case No. |
| **RICHARD A. MARSHACK**, solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of Glenroy Coachella, LLC, | **COMPLAINT FOR:** |
| Plaintiff, | 1. **AVOIDANCE OF INTENTIONAL FRAUDULENT TRANSFERS AND RECOVERY OF SAME [11 U.S.C. §§ 544, 550; CAL. CIV. CODE §§ 3439.04, 3439.07];** |
| vs. | |
| **FORCE-DMP, LLC**, a terminated California limited liability company; **DESERT MEDICAL PROPERTIES, INC.**, a California corporation; **QUONSET PARTNERS, LLC**, a California limited liability company; **SGE REALTY, INC.** a California corporation; and **THE COACHELLA LIGHTHOUSE, LLC**, a suspended California limited liability company. | 2. **AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS AND RECOVERY OF SAME [11 U.S.C. §§ 544, 550; CAL. CIV. CODE §§3439.04, 3439.05, 3439.07];** |
| | 3. **UNJUST ENRICHMENT;** |
| | 4. **PRESERVATION OF AVOIDED TRANSFERS [11 U.S.C. § 551]; AND** |
| Defendants. | 5. **TURNOVER OF PROPERTY OF THE ESTATE [11 U.S.C. § 542]** |

Richard A. Marshack, solely in his capacity as the duly appointed and acting chapter 7 trustee ("Plaintiff") for the bankruptcy estate ("Estate") of Glenroy Coachella, LLC ("Debtor") hereby brings this Complaint and respectfully complains and alleges as follows:

## I.   STATEMENT OF JURISDICTION AND VENUE

1. This adversary proceeding is filed pursuant to Federal Rule of Bankruptcy Procedure 7001(1) (a proceeding to recover money or property).

2. Plaintiff, as chapter 7 trustee for Debtor's Estate, has standing to bring this action under 11 U.S.C. §§ 323, 544 and 550.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to Debtor's bankruptcy pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division entitled In re Glenroy Coachella, LLC, Case No. 2:21-bk-11188-BB on the Court's docket.

4. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (b)(2)(H) (proceeding to determine, avoid or recover fraudulent conveyances). To the extent any related claims are determined not to be a core proceeding, Plaintiff consents to an entry of final judgment and orders by the Bankruptcy Court.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a), as this adversary proceeding arises under Title 11, or arises under or relates to a case under Title 11, which is pending in this District and does not involve a consumer debt less than $19,250.

6. Plaintiff asserts claims under 11 U.S.C. § 544, and in support of such claims, Plaintiff is informed and believes, and based thereon alleges, that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or are not allowable under 11 U.S.C. § 502(e), who can avoid the respective transfers as set forth hereinafter under California or other applicable law; including but not limited to: (a) Art of the Muse, LLC (proof of claim no. 2); (b) Coachella Valley Collection Service (proof of claim no. 9); (c) Bret H. Reed, Jr. A law Corporation (proof of claim no. 14); (d) State Water Resources Control Board (proof of claim no. 48); (e) State Water Resources Control Board (proof of claim no. 49); and (f) Carrier Johnson, Inc. (proof of claim no. 55).

## II. PARTIES

7. Plaintiff is the duly appointed, qualifying, and acting Chapter 7 Trustee for Debtor's Estate, and brings the claims asserted herein in that capacity.

8. Plaintiff is informed and believes and thereon alleges that defendant Force-DMP, LLC ("Force-DMP") is a terminated California limited liability company with its principal place of business located in Los Angeles County, California.

9. Plaintiff is informed and believes, and based thereon alleges, that defendant Desert Medical Properties, Inc. ("DMP") is a corporation organized under the laws of the State of California, with its principal place of business located in Riverside County, California.

10. Plaintiff is informed and believes, and based thereon alleges, that defendant Quonset Partners, LLC ("Quonset") is a California limited liability company, with its principal place of business located in Los Angeles County, California.

11. Plaintiff is informed and believes, and based thereon alleges, that defendant SGE Reality, Inc. ("SGE") is a California corporation, with its principal place of business located in Los Angeles County, California.

12. Plaintiff is informed and believes, and based thereon alleges, that defendant Coachella Lighthouse, LLC ("Lighthouse") is a suspended limited liability company organized under the laws of the State of California, with its principal place of business located in Riverside County, California.

## III. GENERAL ALLEGATIONS

13. Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on February 15, 2021 ("Petition Date").

14. As of Petition Date, Debtor was owned directly or indirectly by Gary Stiffelman ("Stiffelman") and Abraham Stuart Rubin ("Rubin").

15. Plaintiff is informed and believes, and based thereon alleges, that Rubin, or Rubin's family trust known as the Licht Family Trust (the "Rubin Trust"), directly or indirectly owns a two-thirds (66.66%) membership interest in Debtor.

16. Plaintiff is informed and believes, and based thereon alleges, that Stiffelman, or Stiffelman's family trust known as the Stiffelman Family Trust (the "Stiffelman Trust"), directly or indirectly owns a one-third (33.33%) membership interest in Debtor.

17. Prior to April 11, 2018, Debtor was the owner of real property located at 84160 Ave. 48, Coachella, California 92236 and described as accessor's parcel number 603-220-063 (the "Property").

18. On April 12, 2018, Debtor transferred the Property to Force-DMP pursuant to a Grant Deed recorded in the County of Riverside, California (instrument number 2018-0142503) (the "Force-DMP Transfer").

19. Plaintiff is informed and believes, and based thereon alleges, that Force-DMP was owned or controlled, directly or indirectly, by Dr. Elliot Lander ("Lander").

20. Plaintiff is informed and believes that at the time of the Force-DMP Transfer, Lander purported to be an investor of Debtor holding a 4.5% interest in parcels of land neighboring the Property where Debtor intended to develop a hotel (the "Hotel Parcels"). Plaintiff is further informed and believes that Lander paid no consideration to Debtor in connection with his purported investment in the Hotel Parcels.

21. Plaintiff is informed and believes, and based thereon alleges, that Lander had been a long-time friend of Rubin at the time of the Force-DMP Transfer.

22. Plaintiff is informed and believes, and based thereon alleges, that Force-DMP paid approximately $2,741,811.61 for the Property in connection with the Force-DMP Transfer – however, none of the $2,741,811.61 was received by Debtor.

23. Shortly after the Force-DMP Transfer, and on or about April 30, 2018, Force-DMP transferred the Property to DMP by grant deed recorded in Official Records – County of Riverside on May 4, 2018 as instrument number 2018-0174373 (the "DMP Transfer").

24. Plaintiff is informed and believes, and based thereon alleges, that DMP is owned or controlled, directly or indirectly, by Lander.

25. Plaintiff is informed and believes, and based thereon alleges, that the DMP Transfer was for no consideration.

26. On or amount November 30, 2018, DMP transferred the Property to Quonset by grant deed recorded in Official Records – County of Riverside on December 20, 2018, as instrument number 2018-0494640 (the "Quonset Transfer").

27. Plaintiff is informed and believes, and based thereon alleges, that shortly after the Quonset Transfer, Quonset and SGE entered into a lease for the Property (the "SGE Lease").

28. Plaintiff is informed and believes, and based thereon alleges, that SGE is owned and/or controlled by Rubin, Lander and Stiffelman.

29. Plaintiff is informed and believes, and based thereon alleges, that shortly after the SGE Lease was entered into, SGE sub-leased the Property to Lighthouse (the "Lighthouse Sublease").

30. Plaintiff is informed and believes that Lighthouse is owned or controlled by Rubin's son Joseph Rubin.

31. Plaintiff is informed and believes, and based thereon alleges, that shortly after the SGE Lease and the Lighthouse Sublease were entered into, neither SGE nor Lighthouse paid rent in connection with their occupancy of the Property. Plaintiff is further informed and believes, and based thereon alleges that at no time did Debtor receive rental income in connection with the SGE Lease or the Lighthouse Sublease.

32. Plaintiff is informed and believes, and based thereon alleges, that the Quonset Transfer was for no consideration.

33. Plaintiff is informed and believes, and based thereon alleges, that Quonset is owned, directly or indirectly, by Rubin, Stiffelman and Lander.

34. Plaintiff is informed and believes and based thereon that Rubin or the Rubin Trust, directly or indirectly owns 63.55% of Quonset.

35. Plaintiff is informed and believes and based thereon that Stiffelman or the Stiffelman Trust, directly or indirectly owns 31.84% of Quonset.

36. Plaintiff is informed and believes and based thereon that Lander or DMP, directly or indirectly owns 4.5% of Quonset.

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5

## IV.    **FIRST CLAIM FOR RELIEF**

**Avoidance and Recovery of Intentional Fraudulent Transfers**

**[11 U.S.C. §§ 544, 550; Cal. Civ. Code § 3439.04, 3439.07]**

37.  Plaintiff hereby incorporates by reference paragraphs 1 through 36 and realleges these Paragraphs as though set forth in full.

38.  The Force-DMP Transfer as alleged above was of Debtor's property. Plaintiff specifically reserves the right to amend this Complaint to allege additional transfers which may become known after further investigation and discovery.

39.  The Force-DMP Transfer was made on or within four (4) years of Petition Date, but in no event longer than seven (7) years prior to Petition Date.

40.  The Force-DMP Transfer was made with the intent to hinder, delay or defraud Debtor's creditors.

41.  The Force-DMP Transfer was for no consideration or for less than reasonably equivalent value. Plaintiff is informed and believes, and based thereon alleges, that any money paid by Force-DMP in connection with the Force-DMP Transfer was not paid to Debtor. Rather, any and all money paid by Force-DMP went directly to Rubin and/or Stiffelman.

42.  Given Lander's purported status as an investor of Debtor, Lander's long-time friendship with Rubin and Debtor's principals' direct receipt of funds from Force-DMP, the Force-DMP Transfer was to or for the benefit of an insider of Debtor. <u>Acequia, Inc. v. Clinton (In re Acequia, Inc.)</u>, 34 F.3d 800, 806 (9th Cir. 1994); <u>Kaisha v. Dodson</u>, 423 B.R. 888, 901 (N.D. Cal. 2010).

43.  Plaintiff is informed and believes, and based thereon alleges, that Debtor was insolvent by millions of dollars in connection with debts and liabilities associated with the Hotel Parcels when the Force-DMP Transfer was made. As such, the DMP-Transfer was made at a time when Debtor was insolvent and/or rendered insolvent by virtue of the Force-DMP Transfer.

44.  The Force-DMP Transfer occurred shortly before or shortly after a substantial debt was incurred by Debtor in connection with the Hotel Parcels.

45. Based on the foregoing, Plaintiff may avoid the Force-DMP Transfer pursuant to 11 U.S.C. §§ 544 and 550, and California Civil Code §§ 3439.04 and 3439.07.

46. The DMP Transfer was made from Force-DMP to DMP for no consideration.

47. DMP did not receive the DMP Transfer in good faith because prior to the Force-DMP Transfer, Rubin, Stiffelman and Lander agreed upon a structure of multiple transactions whereby the Property would be transferred away from Debtor, without Debtor receiving consideration for the transfer, with the Property ultimately being owned directly or indirectly by Debtor's insiders (Rubin and Stiffelman) and Lander. This series of transfers of the Property is nothing more than a disguised sale of a portion of Rubin's and Stiffelman's ownership interest in Debtor – as opposed to Debtor's sale of the Property.

48. Given the common ownership and control of Force-DMP and DMP, DMP had knowledge of the voidability of the Force-DMP Transfer, as the Force-DMP Transfer was the first transfer of the Property, in a multi-transfer scheme, to ultimately have the Property owned directly or indirectly by Rubin, Stiffelman and Lander.

49. The Quonset Transfer was made from DMP for no consideration.

50. Quonset did not receive the Quonset Transfer in good faith because prior to the Quonset Transfer, Rubin, Stiffelman and Lander agreed upon a structure of multiple transactions whereby the Property would be transferred away from Debtor, without Debtor receiving consideration for the transfer, with the Property ultimately being owned directly or indirectly by Debtor's insiders (Rubin and Stiffelman) and Lander. This series of transfers of the Property is nothing more than a disguised sale of a portion of Rubin's and Stiffelman's ownership interest in Debtor – as opposed to Debtor's sale of the Property.

51. In point of fact, when Debtor owned the Property, Rubin (directly or indirectly) owned a 66.66% interest in Debtor. Similarly, when Debtor owned the Property, Stiffelman (directly or indirectly) owned a 33.33% interest in Debtor. Once the Quonset Transfer was complete, Rubin (directly or indirectly) owned 63.66% of the Property, Stiffelman (directly or indirectly) owned 31.84% of the Property and Lander (directly or indirectly) owned 4.5% of the

Property. As such, the series of subject transfers of the Property is nothing more than Lander's purchase from Rubin and Stiffelman of 4.5% equity in an entity that owns the Property.

52. Plaintiff is informed and believes, and based thereon alleges, that Quonset transferred its fraudulently obtained right to possession of the Property to SGE pursuant to the SGE Lease. Furthermore, Plaintiff is informed and believes, and based thereon alleges that SGE entered into the Lighthouse Sublease with Lighthouse. The SGE Lease and the Lighthouse Lease are avoidable and recoverable transfers of an interest in the Property, in that: (a) the SGE Lease and the Lighthouse Sublease are derivative of Quonset's fraudulently obtained rights in the Property; (b) no consideration has ever been paid to Debtor in connection with the SGE Lease or the Lighthouse Sublease; and (c) SGE and Lighthouse knew of the avoidability of the SGE Lease and of the Lighthouse Sublease due to common ownership or control among and between other defendants named in this Complaint and/or due to insider status with other defendants named in this Complaint.

53. Based on the foregoing, Plaintiff may recover the Property from Quonset, SGE and Lighthouse pursuant to 11 U.S.C. § 550.

### V. SECOND CLAIM FOR RELIEF

**Avoidance and Recovery of Constructive Fraudulent Transfers**

**[11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code §§ 3439.04, 3439.05, 3439.07, 3439.08, 3439.09]**

54. Plaintiff hereby incorporates by reference paragraphs 1 through 53 and realleges these Paragraphs as though set forth in full.

55. As detailed in Paragraph 6 of this Complaint, Plaintiff is informed and believes, and based thereon alleges, that Debtor had creditors at the time of the Force-DMP Transfer that remain unpaid as of Petition Date.

56. Plaintiff is informed and believes, and based thereon alleges, that the Force-DMP Transfer was made on or within four (4) years of Petition Date, but in no event no longer than seven (7) years prior to Petition Date.

57. Plaintiff is informed and believes, and based thereon alleges, that the Force-DMP Transfer was made: (a) For less than reasonably equivalent value, or any value, in exchange for said transfer of the Property; and (b) Debtor was insolvent on the date of the Force-DMP Transfer or

became insolvent as a result of the Force-DMP Transfer; or (c) Debtor intended to incur or believed (or reasonably should have believed), that it would incur debts beyond Debtor's ability to pay such debts as they became due.

58. Based upon the foregoing, Plaintiff may avoid the Force-DMP Transfer for the benefit of the Estate pursuant to 11 U.S.C. §§ 544 and 550, and California Civil Code §§ 3439.04 and 3439.07.

59. DMP did not provide consideration to Force-DMP in connection with the DMP Transfer, DMP did not receive the DMP Transfer in good faith and DMP had knowledge of the voidability of the Force-DMP Transfer when it received the DMP Transfer.

60. Quonset did not provide consideration to DMP in connection with the Quonset Transfer, Quonset did not receive the Quonset Transfer in good faith and Quonset had knowledge of the voidability of the Force-DMP Transfer when it received the Quonset Transfer.

61. Plaintiff is informed and believes, and based thereon alleges, that Quonset transferred its fraudulently obtained right to possession of the Property to SGE pursuant to the SGE Lease. Furthermore, Plaintiff is informed and believes, and based thereon alleges that SGE entered into the Lighthouse Sublease with Lighthouse. The SGE Lease and the Lighthouse Lease are avoidable and recoverable transfers of an interest in the Property, in that: (a) the SGE Lease and the Lighthouse Sublease are derivative of Quonset's fraudulently obtained rights in the Property; (b) no consideration has ever been paid to Debtor in connection with the SGE Lease or the Lighthouse Sublease; and (c) SGE and Lighthouse knew of the avoidability of the SGE Lease and of the Lighthouse Sublease due to common ownership or control among and between other defendants named in this Complaint and/or due to insider status with other defendants named in this Complaint.

62. Based on the foregoing, Plaintiff may recover the Property from Quonset, SGE and Lighthouse pursuant to 11 U.S.C. § 550.

///

///

///

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

## VI.　THIRD CLAIM FOR RELIEF

### Preservation of Avoided Transfers

### [11 U.S.C. § 551]

63. Plaintiff hereby incorporates by reference paragraphs 1 through 62 and realleges these paragraphs as though set forth in full.

64. Plaintiff is informed and believes that Force-DMP, DMP, Quonset, SGE and Lighthouse received avoidable transfers of the Property.

65. Pursuant to 11 U.S.C. § 551, the Force-DMP Transfer, the DMP Transfer, the Quonset Transfer, the SGE Lease and the Lighthouse Sublease are preserved for the benefit of the Estate.

## VII.　FIFTH CLAIM FOR RELIEF

### Unjust Enrichment

### [11 U.S.C. § 105]

66. Plaintiff hereby incorporates by reference paragraphs 1 through 65 and realleges these paragraphs as though set forth in full.

67. Plaintiff is informed and believes, and based thereon alleges, that at all times since the Quonset Transfer, the Property has been leased by a tenant known as Lighthouse for $50,000.00 per month.

68. Plaintiff is informed and believes, and based thereon alleges, that Lighthouse is owned or controlled by Rubin and/or family members of Rubin.

69. As Quonset improperly and fraudulently received the Property, Quonset's receipt of rent proceeds from Lighthouse is the direct result of the Quonset Transfer. Therefore, Quonset's retention of the rent proceeds from the Property constitutes unjust enrichment at the Estate's expense.

///

///

///

///

## VIII. SIXTH CLAIM FOR RELIEF

### Turnover

### [11 U.S.C. § 542]

70. Plaintiff hereby incorporates by reference paragraphs 1 through 69 and realleges these paragraphs as though set forth in full.

71. SGE and Lighthouse are in possession of the Property pursuant to the SGE Lease and the Lighthouse Sublease.

72. The transfers of title and the SGE Lease and the Lighthouse Lease are avoidable and recoverable transfers of the Property. Property that is recovered or preserved is property of the bankruptcy estate.

73. Upon entry of judgment avoiding, recovering, and preserving the transfers alleged above, Defendants will be in possession of Estate property and must be ordered to turn over such property pursuant to 11 U.S.C. § 542.

## IX. PRAYER

**WHEREFORE**, Plaintiff prays that this Court enter judgment as follows:

1. Avoiding the Force-DMP Transfer, and declaring that the Force-DMP Transfer be annulled and rendered void as a fraudulent transfer, and ordering the recovery of the Property from Defendants for the benefit of the Estate;

2. That the Force-DMP Transfer is avoided and the Force-DMP Transfer, the DMP Transfer, the Quonset Transfer, the SGE Lease and the Lighthouse Sublease shall be preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551;

3. Declaring that Quonset was unjustly enriched by receipt of rental proceeds derived from the Property after the Quonset Transfer;

4. Turnover of possession of the Property from Defendants including SGE and Lighthouse;

5. For costs of suit incurred herein, including attorneys' fees and costs as provided by applicable case law, statute and/or agreement of the parties; and

///

6. For such other and further relief as the Court may deem just and proper under the circumstances of this case.

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**

DATED: February 15, 2023     By:     */s/ Ryan D. O'Dea*
                                      Leonard M. Shulman
                                      Ryan D. O'Dea
                                      Proposed Special Litigation Counsel for Plaintiff
                                      Richard A. Marshack, Chapter 7 Trustee

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>RICHARD A. MARSHACK, solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of Glenroy Coachella, LLC, | **DEFENDANTS**<br>FORCE-DMP, LLC, a terminated California limited liability company; DESERT MEDICAL PROPERTIES, INC., a California corporation; QUONSET PARTNERS, LLC, a California limited liability company; SGE REALTY, INC. a California corporation; and THE COACHELLA LIGHTHOUSE, LLC, a suspended California limited liability company. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Leonard M. Shulman – Bar No. 126349<br>Ryan D. O'Dea – Bar No. 273478<br>SHULMAN BASTIAN FRIEDMAN & BUI LLP<br>100 Spectrum Center Drive, Suite 600<br>Irvine, California 92618<br>Telephone: (949) 340-3400 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint for: (1) Avoidance of Intentional Fraudulent Transfers and Recovery of Same [11 U.S.C. §§ 544, 550; CAL. CIV. CODE §§ 3439.04, 3439.07]; (2) Avoidance of Constructive Fraudulent Transfers and Recover of Same [11 U.S.C. §§ 544, 550;  CAL. CIV. CODE §§3439.04, 3439.05, 3439.07]; (3) Unjust Enrichment; (4) Preservation of Avoided Transfers  [11 U.S.C. § 551]; (5) Turnover of Property of the Estate [11 U.S.C. § 542]

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [3] 11-Recovery of money/property - §542 turnover of property
- [ ] 12-Recovery of money/property - §547 preference
- [1] 13-Recovery of money/property - §548 fraudulent transfer
- [2] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation
- [ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71-Injunctive relief – imposition of stay
- [ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [1] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law    ☐ Check if this is asserted to be a class action under FRCP 23

☐ Check if a jury trial is demanded in complaint    Demand $

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>GLENROY COACHELLA, LLC | BANKRUPTCY CASE NO.<br>2:21-bk-11188-BB |||
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT | DIVISION OFFICE<br>Los Angeles Division || NAME OF JUDGE<br>SHERI BLUEBOND |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Ryan D. O'Dea ||||
| DATE<br>February 15, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Ryan D. O'Dea |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form B1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.