Rudy R. Perrino (SBN: 190672)
Jennifer L. Andrews (SBN: 222807)
**KUTAK ROCK LLP**
777 South Figueroa Street, Suite 4550
Los Angeles, California 90017-5800
Telephone: (213) 312-4000
Facsimile: (213) 312-4001
E-Mail: rudy.perrino@kutakrock.com
E-Mail: jennifer.andrews@kutakrock.com

Attorneys for Defendant,
QUONSET PARTNERS, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GLENROY COACHELLA, LLC,<br><br>Debtor,<br><br>──────────────────────<br><br>RICHARD A. MARSHACK, solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of Glenroy Coachella, LLC,<br><br>Plaintiff,<br>vs.<br><br>FORCE-DMP, LLC, a terminated California limited liability company; DESERT MEDICAL PROPERTIES, INC., a California corporation; QUONSET PARTNERS, LLC, a California limited liability company; SGE REALTY, INC. a California corporation; and THE COACHELLA LIGHTHOUSE, LLC, a suspended California limited liability company.<br><br>Defendants. | Case No. 2:21-bk-11188-BB<br><br>Chapter 7<br><br>*Assigned to Honorable Sheri Bluebond*<br><br>Adv. Case No. 2:23-ap-01081-BB<br><br>**NOTICE OF MOTION AND MOTION OF KUTAK ROCK LLP TO WITHDRAW AS COUNSEL FOR DEFENDANTS QUONSET PARTNERS, LLC; DECLARATION OF RUDY R. PERRINO IN SUPPORT THEREOF**<br><br>**[LBR 9013-1(p)]**<br><br>**[No hearing required]** |

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

1    Case No. 2:23-ap-01081-BB

NOTICE OF MOTION AND MOTION OF KUTAK ROCK LLP TO WITHDRAW AS
COUNSEL FOR DEFENDANT QUONSET PARTNERS, LLC

4871-4388-7775.1

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE; ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 5, 2024, Kutak Rock LLP ("Kutak") filed its *Notice of Motion and Motion Of Kutak Rock LLP To Withdraw As Counsel For QUONSET PARTNERS, LLC* ("Quonset" or "Defendants) (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that Kutak requests the Court grant the *Motion* without a hearing as provided in Local Bankruptcy Rules ("LBR") 2091-1(a) and 90131(p)(4).

The *Motion* is based upon the legal and factual grounds set forth in the *Motion,* attached hereto.

**PLEASE TAKE FURTHER NOTICE <u>that Kutak will promptly lodge an *Order* that the Court may use to rule on the *Motion*, as the Court may rule on the *Motion* without a hearing and without an opportunity for any party to file a request for a hearing.</u>**

Dated: February 5, 2024            **KUTAK ROCK LLP**

By: /s/ *Jennifer L. Andrews*
    Jennifer L. Andrews
    Jennifer.andrews@kutakrock.com
    Rudy R. Perrino
    Rudy.perrino@kutakrock.com
    Attorneys for Defendant
    QUONSET PARTNERS, LLC

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

2                         Case No. 2:23-ap-01081-BB
NOTICE OF MOTION AND MOTION OF KUTAK ROCK LLP TO WITHDRAW AS
COUNSEL FOR DEFENDANTS QUONSET PARTNERS, LLC

4871-4388-7775.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF RELEVANT FACTS AND DISCUSSION

Kutak Rock does not have a retainer agreement in place for this matter and have been unable to reach agreement on terms for such an agreement, making withdrawal mandatory under California Rule of Professional Conduct 1.16(a)(2) and Business & Professions Code section 6148(a). Declaration of Rudy R. Perrino ("Perrino Decl."), ¶ 3. Moreover, recent events in this and other matters have revealed several ethical concerns, conflicts with the clients, and other concerns that have caused a complete breakdown in the attorney-client relationship impairing our ability to competently represent them going forward. *Id.* Counsel cannot reveal the nature of the ethical concerns, conflicts or other concerns without divulging client confidences or breaching ethical duties. *Id.* However, in counsel's view, the ethical concerns, conflicts and other concerns provide a sufficient basis under various permissive grounds for withdrawal contained in California Rule of Professional Responsibility 1.16. Kutak Rock LLP has communicated its concerns to the client and have been unable to obtain a voluntary signed substitution of attorney. *Id.*

On January 24, 2024, counsel notified the client of Kutak Rock LLP's withdrawal and willingness to facilitate transfer of the client file to new counsel. Perrino Decl., ¶ 4. In that letter, counsel notified the client, that Kutak Rock LLP would file its Motion to withdraw shortly in the Case and encouraged the client to locate new counsel, alerting them to the potential consequences of not timely securing replacement counsel. *Id.* As of the date of this Motion, the client has not identified new counsel to the Firm. *Id.*

## II. CAUSE EXISTS FOR AN ORDER GRANTING LEAVE FOR THE FIRM TO WITHDRAW AS COUNSEL OF RECORD FOR QUONSET PARTNERS, LLC

Local Bankruptcy Rule 9013-1(p) provides:

The following motions may be determined *without a hearing* after notice provided in the corresponding LBR cited [emphasis added].

(4) Motion to Withdraw as Counsel [LBR 2091-1(a)] Local Bankruptcy Rule 2091-1(a)(1) provides that, in the absence of a substitution of counsel, an attorney seeking to withdraw from representation of an individual in a bankruptcy

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -    Case No. 2:23-ap-01081-BB

NOTICE OF MOTION AND MOTION OF KUTAK ROCK LLP TO WITHDRAW AS COUNSEL FOR DEFENDANT QUONSET PARTNERS, LLC

4871-4388-7775.1

1 case must file a motion requesting authorization to withdraw.

2 A federal court has the authority to permit an attorney to withdraw from an action at any time for good and sufficient cause, and upon reasonable notice. *In re Wynn,* 889 F.2d 644, 646 (5th Cir. 1989) ("An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client."); *see also Lovvorn v. Johnston*, 118 F.2d 704, 706 (9th Cir. 1941).

Rule 1.16 [formerly Rule 3-700] of the California Rules of Professional Conduct makes withdrawal mandatory where a written retainer agreement is not in place. Cal. R. Prof. Conduct 1.16(a). Rule 1.16 further sets forth permissive grounds for withdrawal, including where:

> (4) the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively;
>
> . * * *
>
> (10) the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

No formal retainer agreement exists, making withdrawal mandatory under Rule 1.16(a). Furthermore, good cause exists for withdrawal based on the reasons set forth in the Declaration of Rudy Perrino. Perrino Decl., ¶ 3-4. Accordingly, the court should grant Kutak Rock LLP's Motion to Withdraw.

### III.  CONCLUSION

Based upon the foregoing, the Firm respectfully requests that this Court enter an Order granting the Firm and its attorneys leave to withdraw as counsel for Defendant in the Case, and for such other relief as this Court deems just and proper.

Dated: February 5, 2024.                    **KUTAK ROCK LLP**

By:  /s/ *Jennifer L. Andrews*
Jennifer L. Andrews
Jennifer.andrews@kutakrock.com
Rudy R. Perrino
Rudy.perrino@kutakrock.com
Attorneys for Defendant
QUONSET PARTNERS, LLC

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -    Case No. 2:23-ap-01081-BB
NOTICE OF MOTION AND MOTION OF KUTAK ROCK LLP TO WITHDRAW AS
COUNSEL FOR DEFENDANTS QUONSET PARTNERS, LLC

4871-4388-7775.1

## DECLARATION OF RUDY R. PERRINO

I, Rudy R. Perrino, declare as follows:

1. I am a partner at Kutak Rock LLP ("Kutak" or the "Firm"), bankruptcy counsel of record to Quonset Partners LLC ("Quonset" or "Defendants) in the above-captioned bankruptcy case.

2. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto. Capitalized terms not otherwise defined herein have the same meanings ascribed to them in the Motion to which this Declaration is attached.

3. We do not have a retainer agreement in place for this matter and have been unable to reach agreement on terms for such an agreement, making withdrawal mandatory under California Rule of Professional Conduct 1.16(a)(2) and Business & Professions Code section 6148(a). Moreover, recent events in this and other matters have revealed several ethical concerns, conflicts with the clients, and other concerns that have caused a complete breakdown in the attorney-client relationship impairing our ability to competently represent them going forward. I cannot reveal the nature of the ethical concerns, conflicts or other concerns without divulging client confidences or breaching ethical duties. However, in my view, the ethical concerns, conflicts and other concerns provide a sufficient basis under various permissive grounds for withdrawal contained in California Rule of Professional Responsibility 1.16. I have communicated our concerns to the client and have been unable to obtain a voluntary signed substitution of attorney.

4. On January 24, 2024, I notified the client of Kutak Rock LLP's withdrawal and willingness to facilitate transfer of the client file to new counsel. In that letter, I notified Stuart Rubin, agent for the Defendant, that Kutak Rock LLP would file its Motion to withdraw shortly in the Case and encouraged Mr. Rubin to locate new counsel, alerting him to the potential consequences of not timely securing replacement counsel. As of the date of this Declaration, Mr. Rubin has not identified new counsel to the Firm.

///

///

///

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -    Case No. 2:23-ap-01081-BB

NOTICE OF MOTION AND MOTION OF KUTAK ROCK LLP TO WITHDRAW AS COUNSEL FOR DEFENDANT QUONSET PARTNERS, LLC

4871-4388-7775.1

1  I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed this 5th day of February, 2024, at Los Angeles, California.

_____
Rudy R. Perrino, Declarant

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -    Case No. 2:23-ap-01081-BB
NOTICE OF MOTION AND MOTION OF KUTAK ROCK LLP TO WITHDRAW AS COUNSEL FOR DEFENDANTS QUONSET PARTNERS, LLC

4871-4388-7775.1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
777 South Figueroa Street, Suite 4550, Los Angeles, CA 90017-5800.

A true and correct copy of the foregoing document entitled (*specify*):

**NOTICE OF MOTION AND MOTION OF KUTAK ROCK LLP TO WITHDRAW AS COUNSEL FOR DEFENDANTS QUONSET PARTNERS, LLC; DECLARATION OF RUDY R. PERRINO IN SUPPORT THEREOF**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 5, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **February 5, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 5, 2024 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 5, 2024   Wendy Bonsall | /s/ *Wendy Bonsall* |
|---|---|
| *Date*    *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

2:23-ap-01080-BB

June 2012                    **F 9013-3.1.PROOF.SERVICE**

4867-2445-7375.1

# Case No.: . 2:23-ap-01081-BB

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEC) to the following:**

- Richard A. Marshack (TR)   pkraus@marshackhays.com
  rmarshack@iq7technology.com
  ecf.alert+Marshack@titlexi.com

- Ryan D. O'Dea   rodea@shulmanbastian.com
  lgauthier@shulmanbastian.com

- Sean A. Okeefe   sokeefe@okeefelc.com
  seanaokeefe@msn.com

- United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov

**2. SERVICE BY UNITED STATES MAIL:**

Abraham Stuart Rubin
President and CEO
ASR Development Company
1801 South La Cienega Blvd., Suite 301
Los Angeles, California 90035

**3. SERVICE BY PERSONAL DELIVERY OR OVERNIGHT MAIL:**

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

2:23-ap-01080-BB

*June 2012*                    **F 9013-3.1.PROOF.SERVICE**

4867-2445-7375.1